**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHAEL K. LANHAM,**
      **Plaintiff,**

**v.**
                                       **Civil Action No. 3:19-CV-32
(GROH)**

**JEFF S. SANDY,
BETSY JIVIDEN,
DEBBIE HISSOM,
MICHAEL MARTIN,
SHERRY DAVIS,
KEVIN C. HOLLORAN,
NORMAN McKANN
DR. DAVID PROCTOR,
KIMBERLY PATTON, and
DR. MYILES,**
      **Defendants.**

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

### I.     INTRODUCTION

On March 8, 2019, the *pro se* Plaintiff, an inmate[1] at St Marys Correction Center in St Marys, West Virginia, filed a civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 1.[2]  On that same date, Plaintiff filed a motion for an injunction, claiming that his life is in imminent danger from failure to provide medical care for his Crohn's disease and various other ailments from November 4, 2013 to the present.  ECF No. 6 at 1.  Plaintiff seeks an order from this Court which directs the defendants to provide Plaintiff with various medical treatments, including: (1) a second opinion on blood work from the

---

[1]  According to the West Virginia Division of Corrections online Offender Search page, https://apps.wv.gov/ois/offendersearch/doc, Plaintiff's projected release date is April 23, 2029.

[2]  All ECF number cited herein are in 3:19-CV-32, unless otherwise noted.

same gastroenterologist at West Virginia University Medicine who performed a surgical pathology report in April 2018 [ECF No. 6 at 4 – 5]; (2) a biopsy on Plaintiff's left lung mass that was first diagnosed in November 2013; and (3) treatment for "all other c[h]ronic health issues address[ed] in the civil action Plaintiff has filed" [ECF No. 6 at 5], including unspecified chronic pain and:

(a) "crypt abscesses" [ECF No. 1 at 9];

(b) "hyperplastic change" [Id.];

(c) colon cancer [ECF No. 1-3 at 2];

(d) kidney infection [Id.];

(e) broken ribs [Id.];

(f) complete renal failure [Id. at 4];

(g) umbilical hernia [Id. at 5];

(h) eye problems [Id.];

(i) urinary tract infection [Id. at 6];

(j) left inguinal mass [Id. at 8];

(k) pulmonary nodule and/or calcified granuloma [Id.];

(l) unspecified cancer or tumor [Id. at 10];

(m) chronic cough [Id.];

(n) ambulatory problems [Id. at 11]; and

(o) breathing problems [ECF No. 1-5 at 2].

## II.    LEGAL STANDARD

### A.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se

pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

> **B.   Requests for Injunctive Relief**

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard."  International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme

---

[3]   The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Court which held in <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

<u>Int'l Refugee</u>, 883 F.3d at 256 (citing <u>WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave</u>, 553 F.3d 292, 298 (4th Cir. 2009) (citing <u>Winter</u>, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. <u>See</u> <u>East Tennessee Natural Gas Co. v. Sage</u>, 361 Fed 3d  808, 828 (4th Cir. 2004) (quoting <u>Wetzel v. Edwards</u>, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III.   ANALYSIS

In regard to Plaintiff's motion for an injunction, it appears Plaintiff cannot meet the four-part <u>Winter</u> test for issuance of such a preliminary injunction. First, Plaintiff has not shown he is likely to succeed on the merits in regard to his claim. "To state a claim for

relief in an action brought under § 1983, [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49–50 (1999).  <u>See</u> <u>Thomas v. The Salvation Army Southern Territory</u>, 841 F.3d 632, 637 (2016).  Plaintiff claims that he has been denied medical care, however, he has not established that state prison officials have been deliberately indifferent to his physical safety, thereby depriving him of his Constitutional rights[4].  In support of his claims, Plaintiff has submitted a number of inmate medical services requests from: November 2013 [ECF 7 at 5 – 7]; January 2015 [<u>Id.</u> at 8]; April 2015 [<u>Id.</u> at 9]; June 2015 [<u>Id.</u> at 10]; December 2015 [<u>Id.</u> at 11]; September 2015 [<u>Id.</u> at 12].  Plaintiff has also submitted copies of a number of grievances he has filed, including from: December 2013 [<u>Id.</u> at 14]; December 2014 [<u>Id.</u> at 17]; July 2015 [Id. at 18 – 19]; November 2015 [<u>Id.</u> at 21, 24, 26, 28]; December 2016 [<u>Id.</u> at 31]; January 2017 [<u>Id.</u> at 34].  All of those grievances were denied.

Plaintiff submitted a number of medical records from an emergency room visit at Davis Memorial Hospital from October 31, 2013.  ECF No. 7 at 37 – 52.  According to those records, Plaintiff was admitted to Davis Memorial Hospital hospital on October 31, 2013, and was discharged on November 4, 2013.  ECF NO. 7 at 54 – 55.  Although the medical records from 2013 include discharge instructions from November 4, 2013, the remainder of the medical records are from October 31, 2013.

The next set of medical records provided by Plaintiff relate to his outpatient treatment at Davis Medical Center or Davis Memorial Hospital on: February 14, 2018

---

[4]  At the screening stage of this action, the record has not been developed and it is unclear whether the alleged deprivation of medical treatment is a result of persons acting under the color of state law.

[ECF No. 7 at 59 – 60]; April 17, 2018 [Id. at 64 – 66]; and April 26, 2018 [Id. at 70 – 75].

Plaintiff filed a May 22, 2018, letter from his gastroenterologist's office regarding a missed appointment, and two documents[5] which purport to be notes in his medical file about state officials failing to schedule follow up appointments, from July 11, 2018, October 9, 2018.  ECF No. 7 at 78, 79, 81.

Finally, Plaintiff submitted copies of a number of grievances he has filed, including the results of the grievances filed on: April 2, 2018 [ECF No. 7 at 86 – 88]; April 18, 2018 [Id. at 89 – 91]; and November 9, 2018 [Id. at 92 – 94].

Although he has chronic health conditions, none of the medical records indicate that Plaintiff's conditions are life threatening or that death is imminent.  Further, Plaintiff has not demonstrated that exceptional circumstances demand the level of care which Plaintiff seeks.  It has long been established that, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3rd Cir.1970)).  Although Plaintiff has provided some documents with notations which appear to indicate that officials had not scheduled follow up appointments, three separate grievances filed by Plaintiff were denied by state officials who provided the following explanations:

(1) "All medical care, testing, and treatment that is medically necessary will be provided for you. . . . After researching your medical chart I do not see any recommendations for an MRI, but, I did see [a] recommendation for a CT scan and that test has been completed."  ECF No. 7 at 88;

---

[5]  Although several documents repeat these same messages, the citations herein are to the first appearance of each message.

(2) Plaintiff was advised that, "You have not been placed in a Correctional Center with an infirmary because you do not need 'infirmary' care. . . . Your life is not in danger and you are most definitely receiving the medical care that you are in need of." Id. at 91; and

(3) During a meeting with a Health Services officer on November 13, 2018, Plaintiff was provided with health education about his medical condition. Although Plaintiff claimed at that time that his medical conditions was terminal, he was advised by the Health Services officer that he was not terminally ill. Id. at 94.

Despite Plaintiff's claims to the contrary, he has not provided any medical records to demonstrate that he is likely to prevail in his claim that state actors were deliberately indifferent to his serious medical needs.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff claims that his life is in danger because of a medical condition that has been left untreated for more than five years. ECF No. 6 at 5. Although Plaintiff claims that defendants have been deliberately indifferent to his serious medical needs and denied him treatment, he also concedes in his motion that he has had various treatment, including a colonoscopy performed on April 17, 2018, an upper gastrointestinal scope performed on April 26, 2018 [ECF No. 6 at 2] and a surgical pathology report performed in April 2018 in Morgantown, West Virginia [Id. at 5]. Although Plaintiff claims that he is suffering from a life-threatening illness, and that he has not received care, the continuing care acknowledged by Plaintiff, including the procedures performed in April 2018, is not consistent with Plaintiff's allegation of

deliberate indifference by state officials.  Moreover, some of the documents provided Plaintiff demonstrate that he was advised that his medical condition is chronic, not terminal.  Because Plaintiff has failed to submit any medical records demonstrating a need for care other than that provided by the correctional institution where he is housed, he has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.

Third, Plaintiff has failed to show that the balance of equities tips in his favor. Despite his allegations of imminent danger, Plaintiff alleges that he has been suffering such imminent danger for more than five years.  Plaintiff has submitted no medical records, mental health records, or other documents which otherwise support his claims that he has a continuing need for medical treatment, other than the care provided by the correctional institution where he is housed.

Fourth, Plaintiff has not demonstrated that an injunction is in the public interest. Plaintiff has raised no specific grounds which concern the public interest.  Accordingly, Plaintiff has not demonstrated that the public interest requires the injunction he seeks.

Because Plaintiff is unable to meet any of the four parts of the <u>Winter</u> test for issuance of an injunction, his motion for an injunction [ECF No. 6] is not merited. Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the motion for

an injunction [ECF No. 6] be **DENIED.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:**   March 13, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE