IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL K. LANHAM,**

 Plaintiff,

v.                 CIVIL ACTION NO.: 3:19-CV-32
                    (GROH)

**JEFF S. SANDY, Cabinet Secretary, BETSY
JIVIDEN, Commissioner of Corrections,
DEBBIE HISSOM, Director of Inmate Health
Services, MICHAEL MARTIN, Acting
Superintendent (Warden), SHERRY DAVIS,
Associate of Warden Operations, KEVIN C.
HOLLORAN, Wexford Health Director,
NORMAN MCKANN, DR. DAVID PROCTOR,
Primary Care Giver, KIMBERLY PATTON,
Health Services Administrator, DR. MYILES,
Primary Care Giver,**

 Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 11] on March 13, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's Motion for an Injunction [ECF No. 6] be denied.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not

1

required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a plaintiff's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Plaintiff on March 18, 2019. ECF No. 13. The Plaintiff filed his objections on April 2, 2019. ECF No. 15. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

## II. Background

On March 8, 2019, the Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. On the same day, he filed motion for injunctive relief alleging that his life is in "imminent danger" because the Defendants have denied "medical care and treatment" for the Plaintiff's "Chron's disease and an infection in his lower left lobe of his left lung." ECF No. 6 at 1. The Plaintiff requests that the Court order the Defendants to provide specific medical treatment for his ailments. Id. at 4-5.

## III. Applicable Law

To demonstrate a right to injunctive relief, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc. 555 U.S. 7, 20 (2008); see also

Int'l Refugee Assistance Project v. Trump, 883 F.3d 233, 255-56 (4th Cir. 2018), as amended (Feb. 28, 2018). While a plaintiff "need not establish a certainty of success" the plaintiff "must make a clear showing that he is likely to succeed at trial." Int'l Refugee Assistance Project, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009)). This standard becomes even more stringent when a plaintiff seeks an injunction that mandates action, as contrasted with one that merely preserves the status quo. See East Tennessee Natural Gas Co v. Sage, 361 F.3d 808, 828.

### IV. Analysis

In this case, the Plaintiff cannot meet the four-part Winter test. First, the Plaintiff has not established that he is likely to succeed on the merits. To succeed on a § 1983 claim, the Plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). In this case, the Plaintiff has not established that the state prison officials have been deliberately indifferent to his medical needs, thereby depriving him of a constitutional right. "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (quoting Gittlemacker v. Prasse, 428 F.2d 1, 6 (3rd Cir. 1970)). Although the Plaintiff has established that he suffers from various chronic health conditions, none of the medical records indicate that the Plaintiff needs the level of care that he seeks. Prison officials have explicitly addressed the Plaintiff's concerns regarding his medical care [see ECF No. 7] and the Plaintiff has not

demonstrated that he needs care beyond that which has been provided. While the Plaintiff argues in his objections that "had he been properly treated" certain "damage" would not have occurred, there is nothing in his medical records that indicate his symptoms have worsened due to a failure to treat. Accordingly, the Plaintiff has not established that he is likely to succeed on the merits.

Next, the Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. While the Plaintiff claims that his life is in imminent danger because his medical conditions have been left untreated, he simultaneously provides documentation of treatment he has received in the past year. Moreover, prison officials have explicitly addressed the Plaintiff's concerns and have stated that the Plaintiff's "life is not in danger," and that he is not "terminally ill." See ECF No. 7 at 91, 94. Accordingly, the Plaintiff has not shown a likelihood of irreparable harm.

Third, the Plaintiff has failed to show that the balance of equities tip in his favor. Correctional facilities must be permitted to exercise control over their facilities and the inmates therein, including medical treatment for those inmates. The Plaintiff has not submitted any medical records or other documents that support his claims that he needs medical care beyond that which he has already received. Accordingly, the balance of equities do not tip in the Plaintiff's favor.

Finally, the Plaintiff has not even addressed that an injunction would be in the public interest. Accordingly, the Plaintiff has not demonstrated that the public interest requires the injunction that he seeks.

## V. Conclusion

Therefore, upon careful review of the R&R, it is the opinion of this Court that

Magistrate Judge Trumble's Report and Recommendation [ECF No. 11] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Plaintiff's Motion for Injunction [ECF No. 6] is **DENIED**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** April 8, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE